THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY TORRACO, Appellant.— Appeal by defendant from a judgment of the Court of Special Sessions of the City of New York, Borough of Queens, rendered June 30, 1960, convicting him, after trial, of disorderly conduct, and sentencing him to serve 30 days in the City Prison or to pay a fine of $50. The fine was paid. Defendant was charged with assault in the third degree (Penal Law, § 244, subd. 1), a misdemeanor, in that on August 5, 1959, he struck one William Walls with his clenched hand. On the trial it appeared that Walls was standing with his dog on a patch of grass adjacent to the curb in front of defendant's house. Defendant's wife called out to Walls through a window, "Curb your dog." Walls replied, "Drop dead." Thereupon defendant, his wife, and his son came out of their house for further words at closer range. Walls (a 31-year-old six-footer) testified that defendant (a man of 55 described as "little") struck him on the jaw. Defendant, his wife, and his son testified that no blow was struck and that only words were exchanged. On this state of the record defendant was found guilty of disorderly conduct (an offense below the grade of misdemeanor). Judgment reversed on the law and the facts, information dismissed, and fine remitted. Since the defendant was charged with a misdemeanor, the Court of Special Sessions was without power to convict him of an offense of lesser grade, in the absence of a plea of guilty to such offense (N. Y. City Crim. Cts. Act, § 31, subd. 9; L. 1910, ch. 659, as amd. by L. 1955, ch. 66). Nolan, P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MORRELL WALKER, Appellant.— Appeal by defendant from an order of the County Court, Kings County, dated July 11, 1960, which denied, without a hearing, his coram nobis application to vacate a judgment of said court, rendered November 7, 1945, convicting him, after a jury trial, of assault in the second degree and sentencing him to serve a term of two to five years. The indictment had charged defendant with attempted robbery in the first degree, attempted grand larceny in the second degree, and assault in the second degree with intent to commit the felonies of robbery or grand larceny. The coram nobis application was made upon the ground that the jury's verdict was inconsistent, since defendant was acquitted on the attempted robbery and the attempted grand larceny counts. Order affirmed. The alleged error is a matter of record which could have been raised on an appeal from the judgment of conviction and, under the circumstances, the remedy of coram nobis may not be invoked. (Cf. People v. Balsamo, 11 A D 2d 1040.) In any event, it may not be held, on the record presented, that the verdict was so inconsistent as to require the setting aside of the judgment of conviction. (Cf. People v. Steffens, 12 A D 2d 962, and cases cited therein.) Nolan, P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.